RICHARD L HOLCOMB (HI Bar No. 9177)
JUSTIN A. BRACKETT (HI Bar No. 9343)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com
Email:  justinbrackettlaw@gmail.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL BONILLA, <br><br>            Plaintiff, <br><br> vs. <br><br> CACH, LLC and <br> MANDARICH LAW GROUP, LLP, <br><br>            Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO.  1:14-CV-00287 <br><br> COMPLAINT FOR DAMAGES <br> DECLARATORY AND INJUNCTIVE <br> RELIEF; EXHIBITS A THROUGH E, <br> and VERIFICATION <br><br> JURY TRIAL REQUESTED |

## COMPLAINT

## <u>INTRODUCTION</u>

1.     This is an action for damages against the Defendants for violations of

the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 <u>et seq</u> and the Hawaii

Revised Statutes.

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 (federal

question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction) as the

primary cause of action is Defendants' violation of 15 U.S.C. § 1692, et al.

3.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ( "FDCPA"), the Hawaii Revised Statutes, and out of the invasions of Plaintiff's personal and financial privacy by Defendants and their agents in their illegal efforts to collect a consumer debt.

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

5.      Plaintiff, DANIEL BONILLA (hereinafter referred to as "Plaintiff" and/or "Mr. Bonilla") is a resident of this State, District and Division who is authorized by law to bring this action.

6.      Defendant CACH, LLC (hereinafter "Defendant CACH") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Colorado, and maintains The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202, as its registered agent for service of process.

7.      Defendant Mandarich Law Group, LLP (hereinafter "Defendant Mandarich") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability partnership organized in California that is an agent of of Defendant CACH which maintains Christopher D. Mandarich, 6301 Owensmouth

Avenue, Suite 850, Woodland Hills, CA 91367, as its registered agent for service of process.

8.    Defendants are subject to the jurisdiction and venue of this Court.

9.    Other defendants may be discovered in the course of litigation, and Mr. Bonilla respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

10.    Defendants use mail in their businesses.

11.    Defendants make telephone calls in the course of their businesses.

12.    The primary purpose of Defendants' businesses is the collection of debts.

13.    Defendants regularly collect or attempt to collect debts owed, or due, or asserted to be owed or due to another.

14.    Defendants are debt collectors subject to the provisions of the Fair Debt Collection Practices Act and the Hawai'i Revised Statutes.

15.    Upon information and belief, Defendants do not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

16.    Defendants have alleged that Mr. Bonilla incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or

household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Bank of America.

17.     The underlying debt is disputed.

### *Collection Calls*

18.     Defendants harassed Mr. Bonilla by making numerous telephone calls to Mr. Bonilla's cellular telephone number in an attempt to collect the debt.

19.     In April, 2014 Defendant Mandarich started calling Mr. Bonilla's cellular telephone in an effort to collect the debt.

20.     Daniel, a representative of Defendant Mandarich, left a voicemail for Mr. Bonilla on April 23, 2014 at 8:03 A.M.

21.     Mr. Bonilla asserts that he did not receive the requisite disclosures pursuant to 15 U.S.C. §§1692g, et. al. within five days of receiving the April 23, 2014 collection call.

22.     Denise, a representative of Defendant Mandarich, left another voicemail for Mr. Bonilla on May 22, 2014 at 8:10 A.M.

23.     On June 4, 2014 Mr. Bonilla received another telephone call to his cellular telephone and Defendant Mandarich's representative left another voicemail in an attempt to collect the debt.

24.     In each of the voicemails Defendant Mandarich identifies itself as a

"debt collector."

25.    On June 5, 2014, Defendant Mandarich's representative, Ceasar, spoke with Mr. Bonilla and explained that he would be sending a proposed settlement agreement to him that day. Mr. Bonilla never received a settlement agreement on June 5, 2014.

26.    On June 6, 2014 Mr. Bonilla called Defendant Mandarich and spoke with Mr. Flores.  At approximately 1:31 P.M. Mr. Bonilla explained that he had received the proposed settlement agreement via facsimile, thus there was no need for Defendant Mandarich to send it again.

27.    On June 12, 2014, Defendant Mandarich's representative, Brittanei, spoke with Mr. Bonilla and inquired as to why he had not signed the proposed settlement agreement they had faxed to him.

28.     During the June 12, 2014 call Brittanei asserted that the amount owed on the account was now $7,968.72 as of June 12, 2014.

29.    Defendants' calls made it difficult for Mr. Bonilla to perform his required work functions.

30.    Plaintiff has complied with all conditions precedent to bring this action.

### *May 20, 2014 Collection Lawsuit*

31.    On or about May 20, 2014, Defendants filed, or caused to be filed, a

lawsuit against Mr. Bonilla for the debt in the District Court for the First Circuit, Honolulu Division, State of Hawai'i.   Said lawsuit was assigned civil number 1RC14-1-004050. See attached Exhibit A.

32.    The May 20, 2014 collection lawsuit was the first communication Mr. Bonilla received from Defendant Mandarich in regards to his Bank of America account.

33.    The May 20, 2014 collection lawsuit and/or its attachments was a communication as defined by 15 U.S.C. §1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

34.    The May 20, 2014 collection lawsuit asserts: "On or about 06/07/2012, [Mr. Bonilla] owed money to [Defendant CACH] as follows:  [Defendant CACH] is the assignee of CACH, LLC and the successor-in-interest to credit account XXXXXXXXXXXXX4866…Defendant DANIEL G BONILLA owes Plaintiff, as the successor-in-interest to the account, the principal sum of $7813.72." See Exhibit A.

35.    The May 20, 2014 collection lawsuit goes on to explain:  "[Defendant CACH]'s assignor, CACH, LLC extended [Mr. Bonilla] credit in exchange for [Mr. Bonilla]'s promise to pay for the balance of the credit account they used." See Exhibit A.

36.    The May 20, 2014 collection lawsuit demands:    "DANIEL G

BONILLA owes [Defendant CACH] … the principal sum of $7813.72." See Exhibit A.

37.    The May 20, 2014 collection lawsuit explains that "A copy of the written instrument on which the debt is based is attached as Exhibit 1." See Exhibit A.  Despite the assertion, no written instrument on which the debt is based, and no supporting exhibits whatsoever were attached to the collection lawsuit.

38.    Additionally, in the lawsuit Defendant CACH "asks for Judgment in the principal amount of $7813.72.  In addition, the Court may award court costs, interest and reasonable attorney's fees." See Exhibit A.

39.    Trevor Ozawa, Esq. signed the collection lawsuit declaring, "I have read this Complaint, know the contents and verify that the statements are true to my personal knowledge and belief.  I DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT." See Exhibit A. Emphasis in original.

40.    Trevor Ozawa, Esq. signed the collection lawsuit as both the "Plaintiff(s)/Plaintiff(s) Attorney" and the "Declarant". See Exhibit A.

41.    Stamped on the bottom of the collection lawsuit is the phrase "THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." See Exhibit A. Emphasis in original.

42.    Defendants' May 20, 2014 collection lawsuit does not include the

requisite disclosures pursuant to 15 U.S.C. §§1692g, et. al.

43.     Mr. Bonilla asserts that he did not receive the requisite disclosures pursuant to 15 U.S.C. §§1692g, et. al. within five days of receiving the May 20, 2014 collection lawsuit.

44.     Mr. Bonilla asserts that he has never received the requisite disclosures pursuant to 15 U.S.C. §§1692g from Defendant Mandarich.

45.      Mr. Bonilla disputes that his Bank of America account's contractual terms allow for the imposition of interest or recovery of attorney fees, and strict proof allowing such an award is demanded.

### *June 6, 2014 Collection Facsimiles from Jahanara Islam*

46.     On or about June 6, 2014, Defendants sent Mr. Bonilla a collection facsimile dated June 6, 2014 through their representative, Jahanara Islam. See attached Exhibit B.

47.     The June 6, 2014 collection facsimile was sent to Mr. Bonilla, at his place of employment, at 12:11 P.M. See Exhibit B.

48.     The same information included in the initial June 6, 2014 collection facsimile was again sent to Mr. Bonilla, at his place of employment, at 12:13 P.M. See Exhibit B.

49.     The same information included in the initial June 6, 2014 collection facsimile was yet again sent to Mr. Bonilla, at his place of employment, at 12:17

P.M. See Exhibit B.

50.     The June 6, 2014 collection facsimiles were communications as defined

by 15 U.S.C. §1692a(2), and were sent in connection with collection of the debt and

in an attempt to collect the debt.

51.     None of the June 6, 2014 collection facsimiles ever assert that it is a

communication from a debt collector.  See Exhibit B.

52.     The June 6, 2014 collection facsimiles state: "Defendants shall pay

Plaintiff, and Plaintiff agrees to accept from Defendants as settlement in full of this

action, the sum of $4,843.23…." See Exhibit B.

53.     The June 6, 2014 collection facsimile goes on to explain:

> If Defendant(s) fail(s) to pay any installments as required by
> this Stipulation, or Defendant(s) otherwise default(s) under
> this settlement agreement, Plaintiff may immediately…obtain
> ex parte judgment as set forth below less any payments made
> pursuant to this Stipulation and that Plaintiff may execute on
> the Judgment immediately upon entry in the amount of
> $7813.72 plus attorney's fees, court costs associated with
> preparation of this lawsuit, this Settlement Agreement and
> Stiuplation and efforts to obtain judgment, plus "nsf" charges
> or the like, and post-judgment interest at the effective legal
> rate less any payments made by Defendant(s).  At a minimum,
> attorney's fees shall be awarded in accordance with the Local
> Rules Attorney's Fee Schedule.

See Exhibit B.

54.     The June 6, 2014 collection facsimile also asserts:  "The Judgment shall

provide that Plaintiff and its representatives may communicate with any and all third

parties who may possess information pertinent to satisfaction of the Judgment including verification of employment." See Exhibit B.

55.   The June 6, 2014 collection facsimile asserts:  "Plaintiff represents that it is the owner of the Account that is subject to this lawsuit." See Exhibit B.

56.   These June 6, 2014 collection facsimiles bear a signature of Rouute Chapman on behalf of Trevor Ozawa, Esq. See Exhibit B.

### *June 6, 2014 Collection Facsimile Cover Sheet from Brittanei G.*

57.   In spite of Mr. Bonilla informing Defendant Mandarich at 1:31 P.M. on June 6, 2014 that he had already received their faxes, Defendants sent Mr. Bonilla another collection facsimile through a new representative, "Brittanei G." at 2:37 P.M. See attached Exhibit C.

58.   This new facsimile only included a facsimile cover sheet which was incorrectly dated 06/06/2013. See Exhibit C.

59.   This new June 6, 2014 collection facsimile was sent to Mr. Bonilla, at his place of employment, at 2:37 P.M. See Exhibit C.

60.   The June 6, 2014 collection facsimile from Brittanei G. was a communication as defined by 15 U.S.C. §1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

61.   The June 6, 2014 2:37 P.M. collection facsimile never asserts that it is a communication from a debt collector. See Exhibit C.

### *Additional June 6, 2014 Collection Facsimiles from Brittanei G.*

62.     Yet another collection facsimile from Brittanei G. was sent on June 6, 2014 to Mr. Bonilla, at his place of employment, at 2:38 P.M. See attached Exhibit D.

63.     A third collection facsimile from Brittanei G. was sent on June 6, 2014 to Mr. Bonilla, at his place of employment, at 2:41 P.M. See Exhibit D.

64.     A fourth collection facsimile from Brittanei G. was sent on June 6, 2014 to Mr. Bonilla, at his place of employment, at 2:43 P.M. See Exhibit D.

65.     A fifth collection facsimile from Brittanei G. was sent on June 6, 2014 at 2:45 P.M. to Mr. Bonilla, at his place of employment. See Exhibit D.

66.     The second, third, fourth, and fifth facsimiles from Brittanei G. include the same settlement demand as those sent by Jahanara Islam earlier on June 6, 2014. See Exhibit D.

67.     These June 6, 2014 collection facsimiles were communications as defined by 15 U.S.C. §1692a(2), and were sent in connection with collection of the debt and in an attempt to collect the debt. See Exhibit D.

68.     None of these June 6, 2014 collection facsimiles from Brittanei G. ever assert that it is a communication from a debt collector.  See Exhibit D.

69.     The June 6, 2014 collection facsimiles from Brittanei G. state: "Defendants shall pay Plaintiff, and Plaintiff agrees to accept from Defendants as

settlement in full of this action, the sum of $4,843.23. See Exhibit D.

70.    The June 6, 2014 collection facsimiles go on to explain:

If Defendant(s) fail(s) to pay any installments as required by this Stipulation, or Defendant(s) otherwise default(s) under this settlement agreement, Plaintiff may immediately…obtain ex parte judgment as set forth below less any payments made pursuant to this Stipulation and that Plaintiff may execute on the Judgment immediately upon entry in the amount of $7813.72 plus attorney's fees, court costs associated with preparation of this lawsuit, this Settlement Agreement and Stiupulation and efforts to obtain judgment, plus "nsf" charges or the like, and post-judgment interest at the effective legal rate less any payments made by Defendant(s).   At a minimum, attorney's fees shall be awarded in accordance with the Local Rules Attorney's Fee Schedule.

See Exhibit D.

71.    The June 6, 2014 collection facsimiles also assert:  "The Judgment shall provide that Plaintiff and its representatives may communicatate with any and all third parties who may possess information pertinent to satisfaction of the Judgment including verification of employment." See Exhibit D.

72.    The June 6, 2014 collection facsimiles further assert:   "Plaintiff represents that it is the owner of the Account that is subject to this lawsuit." See Exhibit D.

73.    The June 6, 2014 collection facsimiles from Brittanei G. bear a signature of Rouute Chapman on behalf of Trevor Ozawa, Esq. See Exhibit D.

74.    These facsimiles were seen by Mr. Bonilla's co-worker.

### *June 9, 2014 Collection Facsimiles from Brittanei G.*

75.     On or about June 9, 2014, Defendants sent Mr. Bonilla additional collection facsimiles through their representative, "Brittanei G." See attached Exhibit E.

76.     These new June 9, 2014 collection facsimiles were sent to Mr. Bonilla, at his place of employment. See Exhibit E.

77.     These June 9, 2014 collection facsimiles from Brittanei G. were communications as defined by 15 U.S.C. §1692a(2), and were sent in connection with collection of the debt and in an attempt to collect the debt.

78.     None of these June 9, 2014 collection facsimiles ever assert that it is a communication from a debt collector. See Exhibit E.

79.     The sixth collection facsimile from Brittanei G. was sent on June 9, 2014 to Mr. Bonilla, at his place of employment, at 1:18 P.M. See Exhibit E.

80.     The seventh collection facsimile from Brittanei G. was sent on June 9, 2014 to Mr. Bonilla, at his place of employment, at 1:25 P.M. See Exhibit E.

81.     The sixth and seventh facsimiles from Brittanei G. include the same settlement demand as those sent by Jahanara Islam on June 6, 2014. See Exhibit E.

82.     The June 9, 2014 collection facsimiles from Brittanei G. state: "Defendants shall pay Plaintiff, and Plaintiff agrees to accept from Defendants as settlement in full of this action, the sum of $4,843.23. See Exhibit E.

83.     The June 9, 2014 collection facsimile goes on to explain:

> If Defendant(s) fail(s) to pay any installments as required by this Stipulation, or Defendant(s) otherwise default(s) under this settlement agreement, Plaintiff may immediately…obtain ex parte judgment as set forth below less any payments made pursuant to this Stipulation and that Plaintiff may execute on the Judgment immediately upon entry in the amount of $7813.72 plus attorney's fees, court costs associated with preparation of this lawsuit, this Settlement Agreement and Stiupulation and efforts to obtain judgment, plus "nsf" charges or the like, and post-judgment interest at the effective legal rate less any payments made by Defendant(s).   At a minimum, attorney's fees shall be awarded in accordance with the Local Rules Attorney's Fee Schedule.

See Exhibit E.

84.   The June 9, 2014 collection facsimiles also assert:  "The Judgment shall provide that Plaintiff and its representatives may communicate with any and all third parties who may possess information pertinent to satisfaction of the Judgment including verification of employment." See Exhibit E.

85.   The June 9, 2014 collection facsimiles further assert:   "Plaintiff represents that it is the owner of the Account that is subject to this lawsuit." See Exhibit E.

86.   The June 9, 2014 collection facsimiles from Brittanei G. bear a signature of Rouute Chapman on behalf of Trevor Ozawa, Esq. See Exhibit E.

87.   These facsimiles were seen by Mr. Bonilla's boss at his place of employment.

88.   Mr. Bonilla was extremely embarrassed, upset, and shocked about the fact Defendant Mandarich sent these facsimiles to his place of employment and his

boss was able to view his financial information.

89.    Mr. Bonilla was upset at Defendant Mandarich for sending these facsimiles to his place of employment after he had previously advised them that he had received the facsimile.

### CAUSE OF ACTION NUMBER ONE
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

### FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FAILURE TO INCLUDE REQUIRED DISCLOSURES IN ITS COMMUNICATIONS

90.    The acts of Defendants constitute violations of the FDCPA. Violations by Defendants of the FDCPA include, but are not limited to, the following:   A debt collector must disclose in each and every subsequent communication that the communication is from a debt collector.   The failure to make this disclosure is a violation of 15 U.S.C. § 1692e(11).

91.    Defendants sent Mr. Bonilla ten facsimiles from June 6, 2014 to June 9, 2014.  In each and every one of these communications, Defendant Mandarich's representatives failed to disclose that they were debt collectors, which is required by 15 U.S.C. § 1692e(11).

92.    When Defendants' representatives communicated with Mr. Bonilla on June 6, 2014 and June 9, 2014, they violated 15 U.S.C. § 1692e(11) by willfully omitting that they were debt collectors.

93.    Any procedures maintained (i.e., actually employed or implemented)

by Defendants to avoid errors under the FDCPA failed to provide the required disclosures.

**SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FAILURE TO PROVIDE REQUISITE DISCLOSURES IN ITS ATTEMPTS TO COLLECT A DEBT, AS REQUIRED BY 15 U.S.C. § 1692g**

94.    The acts of Defendants constitute violations of the FDCPA. Violations of the FDCPA by the Defendants include, but are not limited to, the following:  The failure to send the consumer a thirty-day validation notice within five days of the initial communication, which is a violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

95.    Defendant Mandarich called Mr. Bonilla and sent faxes to him multiple times, but he has never received any of the requisite notices pursuant to 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), or 1692g(a)(5).

96.    Defendant Mandarich has never provided any validation of the debt or informed Mr. Bonilla of his rights to dispute the debt.

97.    Defendant Mandarich's collection tactics of calling Mr. Bonilla repeatedly before sending the requisite notices pursuant to 15 U.S.C. §§ 1692g-(a)(5) and before ever validating the debt, were overshadowing of the disclosures required by 15 U.S.C. §1692g(a).

98.    The April, 2014 collection calls was the first communication Mr. Bonilla received from Defendants in regards to his Bank of America account.

99.   Mr. Bonilla asserts that he did not receive the requisite disclosures pursuant to 15 U.S.C. §§1692g, et. al. within five days of the first call in April, 2014.

100.   None of Defendant Mandarich's written communications include the requisite disclosures pursuant to 15 U.S.C. §§1692g, et. al.

101.   The procedures maintained (i.e., actually employed or implemented) by Defendants, if any, to avoid errors under the FDCPA, failed to protect the rights of Mr. Bonilla when the representatives of Defendant Mandarich failed to provide numerous required disclosures pursuant to 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNAUTHORIZED CONTACT OF THIRD PARTIES

102.   The acts of Defendant constitute multiple violations of the FDCPA. Violations by Defendant of the FDCPA include, but are not limited to, the following:   Communicating with any person other than the consumer for any purpose other than the acquisition of location information about the consumer, which is a violation of 15 U.S.C. §§ 1692b(1), 1692b(2), etc.

103.   Without the prior consent of the consumer given directly to Defendant, it may not communicate with any other person in connection with the collection of the debt, except Mr. Bonilla, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt

collector, other than for the purpose of acquiring "location information".

104.    Defendant Mandarich faxed a settlement agreement which included his account information, including the amount owed, to Mr. Bonilla, at his place of employment, several times.

105.    These facsimiles were seen by his boss, who is not a party to the underlying account.

106.    Consequently, Defendant Mandarich communicated with a third party when attempting to collect a debt from Mr. Bonilla.  The FDCPA forbids a debt collector from communicating with any third parties except under limited circumstances not present here.

**FOURTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:**
**<u>FALSE OR MISLEADING REPRESENTATIONS</u>**

107.    Defendants' violations of the FDCPA additionally include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

108.    The communications from Defendants to Mr. Bonilla asserted that Mr. Bonilla owed different amounts.

109.    Mr. Bonilla disputes that Defendants have the contractual or statutory authority to increase the balance they are seeking prior to obtaining a civil judgment.

110.   A review of communications shows that Defendants' May 20, 2014 lawsuit and June, 2014 facsimiles demand the same amount, $7,813.72, but for some reason Brittanei demanded an increased amount of $7,968.72 in her June 12, 2014 collection call.

111.   Mr. Bonilla alleges that Defendants are demanding interest or fees that they are not entitled to, and thus were making false, deceptive, and/or misleading representations as to the actual amount owed.

112.   By assigning different account balances and interest rates to the same account, none of which apply the contractual rate of interest, Defendants have confused Mr. Bonilla as to the actual amount owed on the Bank of America account.

**FIFTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:**
**<u>FALSE OR MISLEADING REPRESENTATIONS</u>**

113.   Defendants' violations of the FDCPA also include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, is a violation of 15 U.S.C. §1692e(2).

114.   The actual amount of the alleged debt is certainly in question.

115.   Mr. Bonilla's confusion as to the amount owed is exemplified through the fact that the amounts asserted vary from the May 20, 2014 lawsuit and June, 2014 facsimiles demanding $7,813.72 to the June 12, 2014 collection call from

Defendants' representative, Brittanei.

116.   By demanding additional interest or fees that Mr. Bonilla does not owe, Defendants have deceived and/or misled Mr. Bonilla as to what amount of money he owes on the account.

117.   Mr. Bonilla asserts that the constantly changing balance asserted by Defendants demonstrates that Defendants have no knowledge of the correct amount owed, if any.

118.   Defendants are attempting to keep Mr. Bonilla deceived as to the actual amount owed so that if Mr. Bonilla were to make payments on this account he would never know the correct amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by Mr. Bonilla.

## SIXTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
### UNFAIR PRACTICES

119.   Defendant's violations of the FDCPA further include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

120.   The communications from Defendants assert different balances owed, and after calculating the time that had passed between letters and the change in the

amount owed, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original contract creating the debt.

121.   Defendants demand the same amount, $7,813.72, from June 7, 2012 to June 9, 2014, but then increased the amount owed to $7,968.72 as of June 12, 2014. This increase demonstrates Defendants are seeking additional interest, fees, charges, or expenses that were never owed by Plaintiff.

122.   Since the debt stayed the same amount for over two years, but then mysteriously increased by $155.00 from June 9, 2014 to June 12, 2014, there is no possible way that Defendants are complying with the terms of the original contract.

123.   The amounts sought by Defendants in their various communications include rates of interest and various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were demands in direct violation of 15 U.S.C. § 1692f(1).

## CAUSE OF ACTION NUMBER TWO:
### *VIOLATIONS OF THE HAWAI'I REVISED STATUTES*

## FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES:
## FALSE OR MISLEADING REPRESENTATIONS

124.   The acts of Defendants constitute violations of the Hawai'i Revised Statutes.  Violations include, but are not limited to, any false representation or implication of the character, extent, or amount of a claim against a debtor or

alleged debtor, or of its status in any legal proceeding. Such conduct is a violation of Haw. Rev. Stat. § 443B-18(5).

125.  The underlying debt is disputed.

126.  The letters from Defendants demand odd amounts from Mr. Bonilla and he asserts they have made false representations of the character, extent, or amount of the debt.

127.  The amounts demanded by Defendants did not change for over two years, from June 7, 2012 to June 9, 2014, when it was $7,813.72; but then amount increased to $7,968.72 as of June 12, 2014.

128.  This leads one to believe that Defendants added and are now demanding additional interest or fees that they are not entitled to.

129.  A review of the amounts demanded in the letters shows that an unknown rate of interest and/or fees is being applied, and therefore Defendants are seeking an amount higher than Mr. Bonilla actually owes.

130.  By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have made one or more false representations or implications of the character, extent, or amount of money Mr. Bonilla owes.

131.  By assigning different account balances and an unknown rate of interest to the underlying account, Defendants have made one or more false

representations or implications of the character, extent, or amount of money Mr. Bonilla owes on this account and have committed a violation of Haw. Rev. Stat. § 443B-18(5).

## SECOND VIOLATION OF THE HAWAI'I REVISED STATUTES: <u>FALSE OR MISLEADING REPRESENTATIONS</u>

132.   Any representation that an existing obligation of the debtor or alleged debtor may be increased by the addition of attorney's fees, investigation fees, service fees, and any other fees or charges when in fact the fees or charges may not legally be added to the existing obligations violates Haw. Rev. Stat. § 443B-18(8).

133.   Upon information and belief, Mr. Bonilla asserts that Defendants did not have authority to impose additional fees on the originating account.

134.   By assessing unwarranted interest, fees or charges, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

135.   Defendants' collection of these additional amounts are collection attempts for amounts not expressly authorized by the agreement.

## THIRD VIOLATION OF THE HAWAI'I REVISED STATUTES: <u>THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT</u>

136.   Violations of the Hawai'i Revised Statutes also include, but are not limited to, the collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or

incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee, charge, or expense is expressly authorized by law.  Such conduct violates Haw. Rev. Stat. § 443B-19(2).

137.   Upon information and belief, Mr. Bonilla asserts that Defendants did not have authority to impose additional fees on the originating account.

138.   By assessing unwarranted interest, fees or charges, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

139.   Defendants' collection of additional fees are collection attempts for amounts not expressly authorized by the agreement.

140.   A review of the communications demonstrates that Defendants added interest or fees of $155.00 from June 9, 2014 to June 12, 2014 despite the fact that the balance did not change from June 7, 2012 to June 9, 2014.

141.   Defendants' demands of an amount that was higher than what he actually owed are demands for interest or other charges, fees, or expenses not expressly authorized by the agreement creating the obligation and legally chargeable.

142.   Mr. Bonilla asserts that Defendants' demands do not comply with the original agreement creating the obligation.  Furthermore, the interest or incidental

fees, charges, or expenses were not expressly authorized by law at the time they were demanded.

## FOURTH VIOLATION OF THE HAWAI'I REVISED STATUTES: THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

143.   The Defendants' violations of the Hawai'i Revised Statutes further include, but are not limited to, the collection of or the attempt to collect from a debtor or alleged debtor all or any part of the collection agency's fees or charges for services rendered.  Such conduct is a violation of Haw. Rev. Stat. § 443B-19(3).

144.   Upon information and belief, Mr. Bonilla asserts that Defendants did not have authority to impose additional fees on the originating account.

145.   Defendants are attempting to collect their respective collection agency fees or charges for services rendered, and thus are in violation of Haw. Rev. Stat. § 443B-19.

## FIFTH VIOLATION OF THE HAWAI'I REVISED STATUTES: THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

146.   The collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the

interest or incidental fee, charge, or expense is expressly authorized by law is a violation of Haw. Rev. Stat. § 443B-19(4).

147.   As explained above, the communications from Defendants demand Mr. Bonilla pay odd amounts.

148.   Mr. Bonilla is confused as to how Defendants calculated the amount owed and what authority they have to demand additional interest and/or fees.

149.   Defendants are trying to collect interest or fees that are not expressly authorized by the agreement creating the debt.

## CAUSE OF ACTION NUMBER THREE:
### *INTRUSIONS UPON PLAINTIFF'S SECLUSION AND VIOLATIONS OF HIS RIGHT TO PRIVACY*

150.   Mr. Bonilla is concerned about Defendants' numerous facsimiles to his work fax number.

151.   Defendants violated Mr. Bonilla's right to privacy and committed an intrusion upon his seclusion when they faxed his work telephone number on June 9, 2014 without first obtaining consent.

152.   Mr. Bonilla's boss saw the June 9, 2014 facsimiles.

153.   Defendants intruded upon Mr. Bonilla's seclusion by repeatedly and incessantly faxing him at work.

154.   Mr. Bonilla is extremely agitated, embarrassed and concerned about receiving the June 9, 2014 facsimiles and his employer seeing them.

155.   Mr. Bonilla has incurred actual damages which include having to take time off work to defend Defendants' state court lawsuit as well as other costs and fees.

156.   As a result of Defendants' actions, Mr. Bonilla is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

### ***Respondeat Superior Liability***

157.   The acts and omissions of the Mandarich Law Group, LLP as agent for Defendants were committed within the time and space limits of their agency relationship its principal, CACH, LLC.

158.   The acts and omissions by the La Mandarich Law Group, LLP were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by CACH, LLC in collecting consumer debts.

159.   By committing these acts and omissions against Plaintiff, the Mandarich Law Group, LLP was motivated to benefit its principal, CACH, LLC.

160.   CACH, LLC are therefore liable to Plaintiff through the Doctrine of Respondeat Superior, for the intentional and negligent acts, errors, and omissions done in violation of federal law(s) by the debt collector(s) employed as agents of CACH, LLC during its attempts to collect the debt from Plaintiff.

*Summary*

161.   The above-detailed conduct by Defendants and its agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA, and the Hawai'i Revised Statutes, including, but not limited to the above-cited provisions.

## TRIAL BY JURY

162.   Plaintiff is entitled to and hereby respectfully demands a trial by jury. USConst.amend.7.Fed.R.Civ.P.38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against any or all Defendants and in favor of the Plaintiff as follows:

a)   Declaratory judgment that any or all Defendants violated Mr. Bonilla's rights under the Fair Debt Collection Practices Act;

b)   Declaratory judgment that any or all Defendants violated Mr. Bonilla's rights under the Hawai'i Revised Statutes;

c)   That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

d)   That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

e)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

f)      That Plaintiff be awarded actual damages pursuant to Haw. Rev. Stat. § 480-13 in an amount to be determined by a jury at trial;

g)      That Plaintiff be awarded statutory damages of not less than $1,000.00 pursuant to Haw. Rev. Stat. § 480-13;

h)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to Haw. Rev. Stat. § 480-13;

i)      That the Court declare all defenses raised by Defendants to be insufficient; and

j)      Such other and further relief, including injunctive relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.


Respectfully submitted this the 20th day of June, 2014.

*/s/ Justin A. Brackett*
Justin A. Brackett, BPR #9954
Attorney for Plaintiff